# Exhibit A



**A3M / ALL**
**Transmittal Number: 22686170**
**Date Processed: 02/01/2021**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215-2410 |
| **Electronic copy provided to:** | Ashley Roberts |
| **Entity:** | Nationwide Mutual Insurance Company<br>Entity ID Number  3277054 |
| **Entity Served:** | Nationwide Mutual Insurance Company |
| **Title of Action:** | Richard Kim d/b/a Centre Cleaners vs. Nationwide Mutual Insurance Company |
| **Matter Name/ID:** | Richard Kim d/b/a Centre Cleaners vs. Nationwide Mutual Insurance Company (10910922) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Dallas County District Court, TX |
| **Case/Reference No:** | DC-20-18905 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 01/29/2021 |
| **Answer or Appearance Due:** | 15 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | McClenny Moseley & Associates, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:  **NATIONWIDE MUTUAL INSURANCE COMPANY**
**SERVING REGISTERED REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH ST. STE. 620**
**AUSTIN, TX  78701**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk.  Find out more at TexasLawHelp.org.  Your answer should be addressed to the clerk of the **162nd District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **RICHARD KIM D/B/A CENTRE CLEANERS**

Filed in said Court  **22nd day of December, 2020** against

**NATIONWIDE MUTUAL INSURANCE COMPANY**

For Suit, said suit being numbered **DC-20-18905,** the nature of which demand is as follows:
Suit on **CNTR CNSMR COM DEBT** etc. as shown on said petition, **REQUEST FOR DISCLOSURE, PRODUCTION AND INTERROGATORIES**, a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 25th day of January, 2021
ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas.

By _____, Deputy
       IRASEMA SUTHERLAND

---

**CERTIFIED MAIL**

**CITATION**

**DC-20-18905**

**RICHARD KIM**
**vs.**
**NATIONWIDE MUTUAL INSURANCE COMPANY**

**ISSUED THIS**
**25th day of January, 2021**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: **IRASEMA SUTHERLAND**, Deputy

**Attorney for Plaintiff**
**SEAN M. PATTERSON**
516 HEIGHTS BLVD.
HOUSTON, TX  77007
713-334-6121
sean@mma-pllc.com

# OFFICER'S RETURN

Case No. : DC-20-18905

Court No.162nd District Court

Style: RICHARD KIM

vs.

NATIONWIDE MUTUAL INSURANCE COMPANY

Came to hand on the _____day of _____, 20_____, at _____ o'clock _____.M. Executed at _____,

within the County of _____ at _____ o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named _____

each in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery.  The distance actually traveled by

me in serving such process was _____miles and my fees are as follows:  To certify which witness my hand.

| | | |
|---|---|---|
| For serving Citation | $_____ | _____ |
| For mileage | $_____ | of _____County, _____ |
| For Notary | $_____ | By _____ Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20 _____,

to certify which witness my hand and seal of office.

_____

Notary Public _____ County _____

FILED
12/22/2020 3:20 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
JAVIER HERNANDEZ DEPUTY

DC-20-18905

CAUSE NO. _____

| | | |
|---|---|---|
| **RICHARD KIM D/B/A CENTRE** | § | **IN THE DISTRICT COURT** |
| **CLEANERS** | § | |
| | § | |
| *Plaintiff* | § | |
| | § | **DALLAS COUNTY, TEXAS** |
| **V.** | § | |
| | § | 162ND |
| | § | |
| **NATIONWIDE MUTUAL INSURANCE** | § | _____ **JUDICIAL DISTRICT** |
| **COMPANY** | § | |
| *Defendant* | | |

## PLAINTIFF RICHARD KIM D/B/A CENTRE CLEANERS' ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

**COMES NOW,** Richard Kim d/b/a Centre Cleaners, (hereinafter referred to as "Plaintiff"), complaining of Nationwide Mutual Insurance Company, (hereinafter referred to as "Defendant") and for cause of action would respectfully show unto this Honorable Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 3 of Texas Rule of Civil Procedure 190.4 and affirmatively pleads that this suit is not governed by the expedited-actions process of Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief of over $100,000.00.

### PARTIES

2. Plaintiff is an individual residing in Dallas County, Texas.

3. Nationwide Mutual Insurance Company is a foreign insurance company engaging in the business of insurance in the State of Texas. Defendant may be served with process by serving its registered agent of

service, Corporation Service Company located at the following address: 211 East 7th Street, Suite 620,

Austin, Texas 78701-3218.

## JURISDICTION

4.  The Court has jurisdiction over this cause of action because the amount in controversy is within the

jurisdictional limits of the Court.

5.  The Court has jurisdiction over Defendant Nationwide Mutual Insurance Company because Defendant is

a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiff's

causes of action arise out of Defendant's business activities in the State of Texas. Specifically, Nationwide

Mutual Insurance Company sought out and marketed for insurance in Texas and has "purposefully

availed" itself of the privilege of conducting activities in Texas. *Kelly v. General Interior Constr., Inc.*,

301 S.W.3d 653, 660-61 (Tex. 2010).

## VENUE

6.  Venue is proper in Dallas County, Texas, because the Property is situated in Dallas County, Texas. TEX.

CIV. PRAC. & REM. CODE § 15.032.

## FACTS

7.  Plaintiff purchased a policy from Defendant Nationwide Mutual Insurance Company, (hereinafter referred

to as "the Policy"), which was in effect at the time of loss.

8.  The Policy was purchased to insure Plaintiff's property, (hereinafter referred to as "the Property"), which

is located at 200 East 6th Street, Irving, Texas 75060.

9.  Defendant Nationwide Mutual Insurance Company and/or its agent sold the Policy insuring the Property

to Plaintiff.

10. Plaintiff is a "consumer" as defined under the Texas Deceptive Trade Practices Act ("DTPA") because it is an individual who sought or acquired by purchase or lease, goods or services, for commercial, personal or household use.

11. On or about April 19, 2020, Plaintiff experienced a severe weather-related event which caused substantial damage to the Properties and surrounding homes and businesses in the area. The Property's damage constitutes a covered loss under the Policy issued by Defendant Nationwide Mutual Insurance Company.

12. Defendant performed an unreasonable and insufficient investigation of the claim. Defendant failed to document all the damage to the property caused by the storm in question. Although damage was covered under the policy, Defendant wrongly excluded the damage to the property, including damage to the roof. Defendant wrongly under-scoped the damage to the property and did not give the full allowance to restore the property to its pre-loss conditions.

13. The storm caused damage to the property's roof, exterior, and interior. The significant damage to the property required full replacement of the damage items. Defendant intentionally did not properly inspect and failed to give an allowance to repair all the damage caused by the storm. Defendant failed to document damage caused by the storm in question and wrongly excluded damage that was covered under the policy.

14. Defendant Nationwide Mutual Insurance Company wrongfully underpaid Plaintiff's claim and refused to issue a full and fair payment for the covered loss as was rightfully owed under the Policy.

15. Specifically, Defendant, independently and through its assigned adjuster, intentionally and knowingly conducted a substandard investigation of the Property.  This is evidenced by Defendant's assigned

adjuster's estimate, which failed to include all necessary items Plaintiff is entitled to under the Policy to place the Property in a pre-loss condition.

16. Defendant's estimate did not allow for adequate funds to cover the cost of repairs and therefore grossly undervalued all of the damages sustained to the Property. As a result of Defendant's conduct, Plaintiff's claim was intentionally and knowingly underpaid.

17. Defendant Nationwide Mutual Insurance Company failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant refused to pay the full proceeds owed under the Policy. Due demand was made by Plaintiff for proceeds to be in an amount sufficient to cover the damaged Property.

18. As a result of Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of McClenny Moseley & Associates, PLLC, who is representing Plaintiff with respect to these causes of action.

## **AGENCY**

19. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

20. All acts by Defendant Nationwide Mutual Insurance Company were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full authorization or ratification of Defendant Nationwide Mutual Insurance Company and/or were completed in its normal and routine course and scope of employment.

21. Defendant and Defendant's assigned adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE § 541.060(a). All violations under this subsection are made actionable by TEX. INS. CODE § 541.151.

22. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, *adjuster* or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.* 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## BREACH OF CONTRACT

23. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

24. Defendant Nationwide Mutual Insurance Company's conduct constitutes a breach of the insurance contract made between Defendant Nationwide Mutual Insurance Company and Plaintiff. According to the Policy, which Plaintiff purchased, Defendant Nationwide Mutual Insurance Company had the absolute duty to investigate Plaintiff's damages, and pay Plaintiff policy benefits for the claims made due to the extensive storm-related damages.

25. As a result of the storm-related event, Plaintiff suffered extreme weather related damages. Despite objective evidence of weather related damages provided by Plaintiff and its representatives, Defendant Nationwide Mutual Insurance Company breached its contractual obligations under the Policy by failing to pay Plaintiff cost related benefits to properly repair the Property, as well as for related losses associated with the subject loss event.   As a result of this breach, Plaintiff has suffered additional actual and consequential damages.

## VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

26. Plaintiff hereby incorporates by reference all facts and circumstances set forth under the foregoing paragraphs.

27. Defendant and/or its assigned adjuster engaged in false, misleading, or deceptive acts or practices that constitute violations of the Texas Deceptive Trade Practices Act ("DTPA"), which is codified in the Texas Business and Commerce Code ("TEX. BUS. & COM. CODE"), including but not limited to:

    A.  Using or employing an act or practice in violation of the Texas Insurance Code (§ 17.50(a)(4));

    B.  Unreasonably delaying the investigation, adjustment, settlement offer and prompt resolution of Plaintiff's claim (TEX. INS. CODE § 541.060(a)(2)-(5));

    C.  Failure to properly investigate Plaintiff's claim (§ 541.060(7)); and/or

    D.  Hiring and relying upon a biased adjuster, in this case Defendant's assigned adjuster, to obtain a favorable, results-oriented report, and to assist Defendant in severely

underpaying and/or denying Plaintiff's damage claim (TEX. BUS. & COM. CODE § 17.46(31)).

28. By Defendant Nationwide Mutual Insurance Company representing that they would pay the entire amount needed by Plaintiff to repair the damages caused by the weather-related event and then not doing so, Defendant has violated §§ 17.46 (b)(5), (7), (12).

29. Defendant Nationwide Mutual Insurance Company has breached an express warranty that the damage caused by the storm-related event would be covered under Policy. This breach entitles Plaintiff to recover under §§ 17.46 (b) (12), (20); 17.50 (a)(2).

30. Defendant Nationwide Mutual Insurance Company's actions, as described herein, are unconscionable in that Defendant took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Therefore, Defendant's unconscionable conduct gives Plaintiff the right to relief under § 17.50(a)(3).

31. Defendant Nationwide Mutual Insurance Company's conduct, acts, omissions, and failures, as described in this Original Petition, are unfair practices in the business of insurance and are in violation of § 17.50 (a)(4).

32. Plaintiff is a consumer, as defined under the DTPA, and relied upon these false, misleading, and/or deceptive acts and/or practices, made by Defendant Nationwide Mutual Insurance Company, to its detriment. As a direct and proximate result of Defendant's collective acts and conduct, Plaintiff has been damaged in an amount in excess of the minimum jurisdictional limits of this Court, for which Plaintiff

now sues. All of the aforementioned acts, omissions, and failures of Defendant are a producing cause of Plaintiff's damages which are described in this Original Petition.

33. Because Defendant's collective actions and conduct were committed knowingly and intentionally, in addition to all damages described herein, Plaintiff is entitled to recover mental anguish damages and additional penalty damages, in an amount not to exceed three times such actual damages. § 17.50(b)(1).

34. As a result of Defendant's unconscionable, misleading, and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under § 17.50(d), as well as any other such damages to which Plaintiff may show itself to be justly entitled by law and in equity.

## VIOLATIONS OF THE TEXAS INSURANCE CODE

35. Plaintiff hereby incorporates by reference all facts and circumstances set forth within the foregoing paragraphs.

36. Defendant and/or its assigned adjuster's actions constitute violations of the Texas Insurance Code ("TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

    A. Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 541.060(a)(1));

    B. Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

C.  Refusing, to pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

D.  Forcing Plaintiffs to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

E.  Engaging in false, misleading, and deceptive acts or practices under the DTPA (§541.151(2));

37.  By its acts, omissions, failures and conduct, Defendant Nationwide Mutual Insurance Company has engaged in unfair and deceptive acts and practices in the business of insurance. Plaintiff, the insured and beneficiary, has a valid claim as a result of its detrimental reliance upon Defendant Nationwide Mutual Insurance Company's unfair or deceptive acts or practices. § 541.151(2).

38.  Defendant's aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the Policy, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendant Nationwide Mutual Insurance Company and/or Defendant's assigned adjuster, despite knowing the actual damages were much greater than what was offered. Defendant's continued refusal to offer compelled Plaintiff to file suit. § 542.003(5).

39.  Since a violation of the Texas Insurance Code is a direct violation of the DTPA, and because Defendant Nationwide Mutual Insurance Company's actions and conduct were committed knowingly and intentionally, Plaintiff is entitled to recover, in addition to all damages described herein, mental anguish damages and additional penalty damages, in an amount not to exceed three times the amount of actual

damages, for Defendant having knowingly, intentionally and/or negligently committed said actions and conduct. § 541.152.

40. As a result of Defendant Nationwide Mutual Insurance Company's unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE § 17.50(d) or TEX. INS. CODE § 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

## BREACH OF THE COMMON LAW DUTY
## OF GOOD FAITH & FAIR DEALING

41. Plaintiff hereby incorporates by reference all facts and circumstances in the foregoing paragraphs.

42. From and after the time Plaintiff's claim was presented to Defendant Nationwide Mutual Insurance Company, the liability of Defendant to pay the full claim in accordance with the terms of the Policy was more than reasonably clear. However, Defendant has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied on to deny full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing. *See Viles v. Security National Ins. Co.*, 788 S.W.2d 556, 567 (Tex. 1990) (holding that an insurer has a duty to its insureds to "investigate claims thoroughly and in good faith" and an insurer can only deny a claim after a thorough investigation shows that there is a reasonable basis to deny that claim).

43. For the breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty, such additional costs,

economic hardship, losses due to nonpayment of the amount owed to Plaintiff, and/or exemplary damages for emotional distress.

## KNOWLEDGE

44. Each of the acts described above, together and singularly, were done "knowingly" and "intentionally," as the terms are used in the Texas Insurance Code, and were a producing cause of Plaintiff's damages described herein.

## DAMAGES

45. Plaintiff will show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

46. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, together with attorney's fees.

47. For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefit that should have been paid pursuant to the Policy, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times Plaintiff's actual damages. TEX. INS. CODE § 541.152.

48. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, interest on the claim at the rate of eighteen (18) percent per year, together with attorney's fees. § 542.060.

49. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs,

economic hardship, losses due to nonpayment of the amount the insurer owed, and/or exemplary damages for emotional distress.

50. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the law firm whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

51. Defendant's acts have been the producing and/or proximate cause of damage to Plaintiff, and Plaintiff seeks an amount in excess of the minimum jurisdictional limits of this Court.

52. More specifically, Plaintiff seeks monetary relief, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees, (in excess of $200,000.00 but less than $1,000,000.00/ in excess of $1,000,000.00).

## ADDITIONAL DAMAGES & PENALTIES

53. Defendant's conduct was committed knowingly and intentionally. Accordingly, Defendant is liable for additional damages under the DTPA, TEX. BUS. & COM. CODE § 17.50(b)(1), as well as all operative provisions of the Texas Insurance Code. Plaintiff is clearly entitled to the 18% damages allowed under TEX. INS. CODE § 542.060.

## ATTORNEY'S FEES

54. In addition, Plaintiff is entitled to all reasonable and necessary attorney's fees pursuant to the Texas Insurance Code, DTPA, and TEX. CIV. PRAC. & REM. CODE §§ 38.001-.005.

## JURY DEMAND

55. Plaintiff demands a jury trial, consisting of citizens residing in Dallas County, Texas, and tenders the appropriate fee with this Original Petition.

## DISCOVERY

56. Texas Rule of Civil Procedure 47 has been met in this petition. As such, Plaintiff requests that Defendant respond to the Requests for Disclosure, Requests for Production and Interrogatories contained herein:

## I. REQUESTS FOR DISCLOSURE

1. Pursuant to the Texas Rules of Civil Procedure, Plaintiff request that Defendant Nationwide Mutual Insurance Company, disclose all information and/or material as required by Rule 194.2, paragraphs (a) through (l), and to do so within 50 days of this request.

## II. REQUESTS FOR PRODUCTION

1. Please produce Nationwide Mutual Insurance Company's complete claim files from the home, regional and local offices, as well as third party adjusters/adjusting firms regarding the subject claim, including copies of the file jackets, "field" files and notes, and drafts of documents contained in the file for the premises relating to or arising out of Plaintiff's underlying claim.

2. Please produce the underwriting files referring or relating in any way to the policy at issue in this action, including the file folders in which the underwriting documents are kept and drafts of all documents in the file.

3. Please produce a certified copy of the insurance policy pertaining to the claim made subject of this lawsuit, including all underwriting files and insurance applications sent on behalf of Plaintiff in its attempt to secure insurance on the Property, which is the subject of this suit.

4. Please produce the electronic diary, including the electronic and paper notes made by Nationwide Mutual Insurance Company's claims personnel, contractors, and third party adjusters/adjusting firms relating to the Plaintiff's claim.

5. Please produce all emails and other forms of communication by and between all parties in this matter relating to the underlying event, claim or the Property, which is the subject of this suit.

6. Please produce the adjusting reports, estimates and appraisals prepared concerning Plaintiff's underlying claim.

7. Please produce the field notes, measurements and file maintained by the adjuster(s) and engineers who physically inspected the Property, which is the subject of this suit.

8. Please produce the emails, instant messages and internal correspondence pertaining to Plaintiff's underlying claim.

9. Please produce the videotapes, photographs and recordings of Plaintiff or Plaintiff's home, regardless of whether Nationwide Mutual Insurance Company intends to offer these items into evidence at trial.

10. Please produce all communications, correspondence, documents and emails between any and all assigned adjusters and/or agents and the Plaintiff, not limited to physical or audio recordings of all conversations between Plaintiff and any and all assigned adjusters and/or agents.

11. Please produce all audio recordings or transcripts of conversations, calls, text, email or any other data sent to and from Plaintiff by any and all assigned adjusters and/or agents after their letter of representation sent by counsel.

12. Please provide copies of all marketing material sent on behalf of Nationwide Mutual Insurance Company and/or its agents after the date of loss of the Property, which is the subject of this suit.

13. Please provide all correspondence between Nationwide Mutual Insurance Company and its assigned adjuster, and all correspondence between Nationwide Mutual Insurance Company and its assigned agents, after the date of loss of the Property, which is the subject of this suit.

### III. INTERROGATORIES

1. Please identify any person Nationwide Mutual Insurance Company expects to call to testify at the time of trial.

2. Please identify the persons involved in the investigation and handling of Plaintiff's claim for insurance benefits arising from damage relating to the underlying event, claim or the Property, which is the subject of this suit, and include a brief description of the involvement of each person identified, their employer, and the date(s) of such involvement.

3. If Nationwide Mutual Insurance Company or Nationwide Mutual Insurance Company's representatives performed any investigative steps in addition to what is reflected in the claims file, please generally describe those investigative steps conducted by Nationwide Mutual Insurance Company or any of Nationwide Mutual Insurance Company's representatives with respect to the facts surrounding the circumstances of the subject loss. Identify the persons involved in each step.

4. Please identify by date, author, and result the estimates, appraisals, engineering, mold and other reports generated as a result of Nationwide Mutual Insurance Company's investigation.

5. Please state the following concerning notice of claim and timing of payment:

   a. The date and manner in which Nationwide Mutual Insurance Company received notice of the claim;

   b. The date and manner in which Nationwide Mutual Insurance Company acknowledged receipt of the claim;

   c. The date and manner in which Nationwide Mutual Insurance Company commenced investigation of the claim;

   d. The date and manner in which Nationwide Mutual Insurance Company requested from the claimant all items, statements, and forms that Nationwide Mutual Insurance Company reasonably believed, at the time, would be required from the claimant pursuant to the investigation; and

   e. The date and manner in which Nationwide Mutual Insurance Company notified the claimant in writing of the acceptance or rejection of the claim.

6. Please identify by date, amount and reason, the insurance proceeds payments made by Defendant, or on Defendant's behalf, to the Plaintiff.

7. Has Plaintiff's claim for insurance benefits been rejected or denied? If so, state the reasons for rejecting/denying the claim.

8. When was the date Nationwide Mutual Insurance Company anticipated litigation?

9. Have any documents (including those maintained electronically) relating to the investigation or handling of Plaintiff's claim for insurance benefits been destroyed or disposed of? If so, please identify what, when and why the document was destroyed, and describe Nationwide Mutual Insurance Company's document retention policy.

10. Does Nationwide Mutual Insurance Company contend that the insured's premises were damaged by storm-related events and/or any excluded peril?  If so, state the general factual basis for this contention.

11. Does Nationwide Mutual Insurance Company contend that any act or omission by the Plaintiff voided, nullified, waived or breached the insurance policy in any way? If so, state the general factual basis for this contention.

12. Does Nationwide Mutual Insurance Company contend that the Plaintiff failed to satisfy any condition precedent or covenant of the Policy in any way?  If so, state the general factual basis for this contention.

13. How is the performance of the adjuster(s) involved in handling Plaintiff's claim evaluated?  State what performance measures are used and describe Nationwide Mutual Insurance Company's bonus or incentive plan for adjusters.

## CONCLUSION

57. Plaintiff prays that judgment be entered against Defendant Nationwide Mutual Insurance Company and that Plaintiff be awarded all of its actual damages, consequential damages, prejudgment interest, additional statutory damages, post judgment interest, reasonable and necessary attorney's fees, court costs and for

all such other relief, general or specific, in law or in equity, whether pled or un-pled within this Original

Petition.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays it be awarded all such relief to which it

is due as a result of the acts of Defendant Nationwide Mutual Insurance Company, and for all such other relief

to which Plaintiff may be justly and rightfully entitled. In addition, Plaintiff requests the award of treble

damages under the Texas Insurance Code, attorney's fees for the trial and any appeal of this lawsuit, for all

costs of Court on its behalf expended, for pre-judgment and post-judgment interest as allowed by law, and for

any other and further relief, either at law or in equity, to which Plaintiff may show itself to be justly entitled.

RESPECTFULLY SUBMITTED,

*s/ Sean Patterson*

McCLENNY MOSELEY & ASSOCIATES, PLLC
James M. McClenny
State Bar No. 24091857
J. Zachary Moseley
State Bar No. 24092863
Sean Patterson
State Bar No. 24073546
516 Heights Boulevard
Houston, Texas 77007
Principal Office No. (713) 334-6121
Facsimile: (713) 322-5953
James@mma-pllc.com
Zach@mma-pllc.com
Sean@mma-pllc.com
ATTORNEYS FOR PLAINTIFF

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Adrienne Jackson on behalf of Sean Patterson
Bar No. 24073546
Adrienne@mma-pllc.com
Envelope ID: 49179965
Status as of 12/23/2020 3:01 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sean MPatterson | | Sean@mma-pllc.com | 12/22/2020 3:20:25 PM | SENT |
| Adrienne Jackson | | Adrienne@mma-pllc.com | 12/22/2020 3:20:25 PM | SENT |



FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN SR COURT BLDG
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689

9214 8901 0661 5400 0159 0886 03

**RETURN RECEIPT (ELECTRONIC)**

**DC-20-18905 DPROD/IS**

NATIONWIDE MUTUAL INSURANCE COMPANY
REGISTERED AGENT CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
**AUSTIN, TX 78701-3218**

..............................................................................................................................
CUT / FOLD HERE                                                                    Zone 3

..............................................................................................................................
6"X9" ENVELOPE
CUT / FOLD HERE

..............................................................................................................................
CUT / FOLD HERE



U.S. POSTAGE ⟩⟩ PITNEY BOWES

ZIP 75202 $ 006.46⁰
02 4W
0000352612 JAN 26. 2021.

CERTIFIED MAIL